## Nacey v. E. R. Squibb & Sons

*Thomas L. Cooper,* for plaintiff.

*Frederick A. Boehm, David J. Griffith,* for defendant Squibb & Sons and Boyle & Company.

*R. J. McConnell, Jr.,* for defendant Burroughs Wellcome Company.

*Robert Pasquarelli,* for defendant Cole Pharmacal Company and Carnick Laboratories.

*William R. Tighe,* for defendant Kremers-Urban Company.

*F. N. Egler,* for defendant Upjohn Company and William H. Rorer.

*Robert S. Garrett,* for defendant Abbott Laboratories.

*William G. Shaffner,* for defendant Webcon Pharmaceuticals Company.

*William D. Phillips,* for defendant Chemetron Corporation.

*Kerry A. Kearney,* for defendant Eli Lilly & Company.

FINKELHOR, *J.,* October 5, 1984 — Defendants have filed a motion to compel the production of medical records of plaintiff, including the records of a clinical social worker/therapist, and a motion to compel a medical examination by defendant's expert witness located in Boston.

Plaintiff opposes both these motions and has filed a motion for a protective order as to examination by the medical expert whom plaintiff alleges was a treating physician.

## SOCIAL WORKER/THERAPIST

Plaintiff argues that a social worker is not included within the class of health care professionals whose notes and records are open to discovery. In the burgeoning ranks of mental health workers, social workers, psychologists, counsellors, psychiatrists and other classifications who engage in psychotherapy and, when such treatment is given, it would appear to the court that the professional records are treated in the same manner as the records of a treating physician.

However, because psychotherapy involves such intimately personal matters, we do not believe that the court can write a blank check for the production of the notes and the continuing history of the patient.

In Appeal of Roth, 482 Pa. 471, 394 A.2d 419 (1978), the Pennsylvania Supreme Court stated:

"The nature of the psychotherapeutic process is such that disclosure to the therapist of the patient's most intimate emotions, fears and fantasies is required. As pointed out in appellant's brief:

"'People usually enter psychotherapy because they have deep-seated conflicts and impairment of functioning which limit their ability to work effectively and to enjoy fully satisfying relationships with other people. To alleviate these blocks and conflicts, the therapist asks the patient to abandon "rational thought" and to express thoughts and fears that may never have been revealed to anyone else. Indeed, these innermost thoughts are often so painful, embarassing or shameful that the patient may never before have allowed himself to acknowledge them.'

"The patient in psychotherapy knows that such revelations will be expected if the process is to be beneficial. In laying bare one's entire self, however, the patient rightfully expects that such revelations will remain a matter of confidentiality exclusively between patient and therapist . . ." 394 A.2d at 435, 426.

Because the element of confidentiality is essential to the creation and maintenance of the therapist/patient relationship, the production of these records must be handled with care and discretion. Therefore, defendant's right of discovery may be limited to matters that are specifically applicable to the matter at issue. Defendant will be permitted to post a series of interrogatories requesting dates and time of treat-

ment, diagnosis by the professional and matters which relate to the character and time of treatment. The running case notes or progress notes of the therapist are not included within discoverable material. See, In Re: Search of Offices of Action Mental Health, Inc., no. GD 83-9786, opinion filed August 3, 1983.

## MEDICAL EXAMINATION BY
## OUT-OF-TOWN EXPERT

Plaintiff alleges that defendant's expert witness was actually a treating physician of plaintiff at Presbyterian University Hospital. In addition, plaintiff objects to being forced to take a trip to Boston for a medical examination. Defendants have not filed any information to establish that there are not similar specialists in Western Pennsylvania who can examine the patient and produce an expert report. Defendant is entitled to a medical examination but, in the absence of compelling circumstances, plaintiff is not required to travel to Boston, Massachusetts for said examination.

Based upon the above discussion, an order is attached hereto.

## ORDER OF COURT

And now, this October 5, 1984, upon the motion of defendants to compel the production of medical reports from a clinical social worker/therapist and a motion to compel a medical examination by the expert witness of defendants in Boston, Massachusetts, it is hereby ordered, adjudged and decreed that the motion for the production of the report of a clinical social worker/therapist is granted but limited to the dates and times of therapy, the diagnosis by the therapist and similar related matters, not to

include the running progress notes made by the therapist during treatment.

It is further ordered that the motion to compel a medical examination is granted, but said examination shall be made in the Allegheny County/Pittsburgh area.